FILED
SCRANTON

JUL 10 2024

PER_____DJ_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MARK BROWN,

    Petitioner

v.

WARDEN RICARD,

    Respondent.

CIVIL ACTION NO. 3:24-CV-00921

(MEHALCHICK, J.)

## MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner, Mark Brown ("Brown"), who is presently incarcerated in the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"), challenges his 2013 conviction and sentence for possession of a firearm by a felon in the United States District Court for the District of Maine. The Court will dismiss the petition for lack of jurisdiction.

### I. BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2023, Brown pleaded guilty to possession of a firearm by a felon under 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and was sentenced to a 188-months term of imprisonment followed by a five-year term of supervised release. *United States v. Brown*, No. 2:13-cr-71-001 (D. Me. Sept. 24, 2013), ECF No. 33.

Brown appealed the judgment of sentence on October 1, 2013 to the First Circuit Court of Appeals. *Brown*, No. 2:13-cr-71-001, ECF No. 37. The appeal was denied on August 27, 2014. *United States v. Brown*, No. 13-2232 (1st Cir. *filed* Aug. 27, 2014).

In September of 2021, Brown sought compassionate release under 18 U.S.C. § 3582(c)(1)(A), which was denied for failing to exhaust his administrative remedies. *Brown*, No. 2:13-cr-71-001, Doc. 58.

On June 4, 2024, the Court received and docketed Brown's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court entered an Administrative Order requiring the payment of the filing fee or an application to proceed *in forma pauperis* within 30-days. (Doc. 3). Brown paid the requisite filing fee on June 17, 2024. (Doc. 4). The Court will now screen the petition pursuant to Rule 4.

## II. LEGAL STANDARD

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. DISCUSSION

The Court will dismiss this case for lack of jurisdiction pursuant to the review of the petition under Rule 4. Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(e); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may only challenge his conviction through a Section 2241 habeas corpus petition if a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Jones v. Hendrix*, 599 U.S. 465, 471 (2023).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." *Cradle*, 290 F.3d at 538.

The Court will dismiss this case for lack of subject matter jurisdiction because Brown has not shown that the remedy offered by Section 2255 is inadequate or ineffective to protect his rights such that he can proceed under Section 2241. His claims, which challenge the constitutionality of the statute he was convicted under, plainly could have been raised in a Section 2255 motion. The docket of the underlying criminal conviction in the District of Maine demonstrates that he has failed to file a motion pursuant to Section 2255. The fact that Brown may now be outside the statute of limitations for a Section 2255 motion does not render Section 2255 relief inadequate or ineffective. *Cradle*, 290 F.3d at 538-39.

## IV. CONCLUSION

Accordingly, Brown's petition for writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction and the case will be closed. An appropriate order follows.

Dated: July 10, 2024

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**